# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUAN BARNES | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-18-695 |
| WARDEN FRANK BISHOP, *et al.* | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

On March 20, 2018, this court ordered counsel for the Division of Correction to respond to plaintiff's claim that his safety is endangered by the presence of an inmate housed with him at North Branch Correctional Institution (NBCI) and granted plaintiff 21 days to file a motion to proceed in forma pauperis or pay the full filing fee. ECF 2. Counsel's response has been received (ECF 7), but plaintiff has not complied with the order. For reasons that follow and in light of the response, which refutes the allegation that plaintiff's safety is at risk, the fact that the complaint seeks injunctive relief only, and plaintiff's failure to comply with the court's order, the complaint shall be dismissed.

Plaintiff alleged that inmate Lamont Brown tried to sexually assault him and when he reported it, NBCI staff improperly found that the claim was unfounded. He further claimed that despite his requests Brown's name was not placed on his enemies list. Plaintiff also alleges that he is known as a snitch in the general population of the prison, forcing him to pay for protection. He states that his family can no longer provide the funds for payment of that protection. ECF 1.

In response counsel filed a declaration under oath from Correctional Case Management Specialist John White who is employed at NBCI and has been a correctional employee for 21 years. ECF 7-1 at p. 1. He states that on February 2, 2018, plaintiff made a Prison Rape Elimination Act (PREA) complaint against Brown. *Id*. at p. 2. Plaintiff's claim was referred to the Internal Investigation Division (IID), an investigation was conducted, and the case was ruled as "unsubstantiated" on March 2, 2018. *Id*.

Plaintiff met with a social worker, Monica Troutman, on four different occasions "for retaliation monitoring" and "reported no issues related to PREA during those sessions . . . but did mention concerns about debt he owed." *Id*.

Brown was listed as Plaintiff's enemy on March 5, 2018; however, Brown had already declared Plaintiff as an enemy. *Id*. Brown is housed at NBCI, but is in a different housing unit from plaintiff; White avers that the two have no contact with each other. *Id*. Plaintiff's enemy list also lists Cyril Williams as an enemy; Williams is housed at Western Correctional Institution. *Id*.

Plaintiff has not filed an administrative remedy complaint concerning his PREA claim, nor has he complained through the administrative remedy procedure about his listed enemies or threats to his safety. *Id*.

Verified business records attached to the response confirm that both Brown and Williams are listed as plaintiff's enemies. ECF 7-1 at p. 4. Further, an index listing the administrative remedy procedure complaints filed by plaintiff confirms he has not raised the issue regarding his

safety or his enemies list. *Id*. at pp. 7-8. Plaintiff has not disputed the evidence submitted by counsel.

## Standard of Review

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren,* 553 U.S. 674, 689–90 (2008). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009). As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group,* 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). In the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at, 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)).

**Analysis**

The evidence submitted establishes that everything that could be done to insure plaintiff's safety has been done. Notwithstanding the fact that plaintiff's PREA report could not be substantiated, measures were put into place to insure that he is not exposed to his newly claimed enemy. The claim asserted is without merit. Further, this court forewarned plaintiff that his failure to file a motion to proceed in forma pauperis or to pay the filing fee would result in dismissal of the complaint without prejudice and without further warning. By separate order which follows, the complaint shall be dismissed.

Dated this 5th day of October, 2018 .

FOR THE COURT:

_____/s/_____
James K. Bredar
Chief Judge